**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MICHAEL HORBERT,

               Plaintiff - Appellant,

  v.

B. CURRY, Warden; et al.,

               Defendants - Appellees.

No. 11-17533

D.C. No. 3:11-cv-03130-SI

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Submitted August 8, 2012[**]

Before:    ALARCÓN, BERZON, and IKUTA, Circuit Judges.

    Michael Horbert, a California state prisoner, appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging that his

constitutional rights were violated in a prison disciplinary hearing that deprived

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

him of time credits.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo. *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order).  We affirm.

The district court properly dismissed Horbert's action because Horbert failed to allege that the results of the disciplinary hearing had been invalidated. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997) ("claim for declaratory relief and money damages, based on allegations . . . that necessarily imply the invalidity of the punishment imposed," including the deprivation of good-time credits, "is not cognizable under § 1983"); *Heck v. Humphrey*, 512 U.S. 477, 487 (1994) (if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated" through habeas or other means).

**AFFIRMED.**